**EMILIO LAW GROUP, APC**
RACHEL THOMAS, SBN 349253
LAURIE M. CORTEZ, SBN 289902
12832 Valley View Street, Suite 106
Garden Grove, California 92845
Telephone: (714) 379-6239
Fax: (714) 379-5444

Attorney for Defendant
HVFP Express, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

SAMUEL ESCARCEGA, an individual, on behalf of himself, the State of California, as a private attorney general, and on behalf of all others similarly situated

*Plaintiff,*

v.

ONTRAC LOGISTICS, INC., a Delaware corporation, HVFP EXPRESS INC., a California corporation; and DOES 1 TO 50

*Defendants.*

Case No.: 25-CV-10827-RS

**ANSWER TO FIRST AMENDED CLASS AND PAGA REPRESENTATIVE ACTION COMPLAINT**

Defendant HVFP EXPRESS, INC., a California corporation, for itself alone and no other defendant, answers the unverified First Amended Class and PAGA Representative Action Complaint as follows:

**<u>GENERAL DENIAL</u>**

1. Pursuant to the provisions of Code of Civil Procedure section 431.30, Defendant denies, generally and specifically, each and every allegation contained in each and every cause of action in the First Amended Class and PAGA Representative Action Complaint, and specifically denies that any sum or sums whatsoever are due and owing Plaintiff and all putative class members. In addition, Defendant denies that Plaintiff has been damaged in the amounts in the complaint, or in any amount, or at all.

**<u>AFFIRMATIVE DEFENSES</u>**

1. <u>Failure to State a Cause of Action:</u> The First Amended Class and PAGA Representative Action

Complaint, and each and every cause of action therein alleged for: Will Misclassification; Failure to Provide Rest Periods and Pay Missed Rest Period Premiums; Failure to Provide Meal Periods and Pay Missed Meal Period Premiums; Failure to Maintain Accurate Employment Records; Failure to Indemnify All Necessary Business Expenditures; Failure to Furnish Accurate Itemized Wage Statements; Violations of California's Unfair Competition Law (Bus. & Prof. Code, §§ 17200-17210); and Penalties Pursuant to PAGA for Violations of California Labor Code Sections 226, 226.3, 226.7, 226.8, 512, 1174, 1174.5, 1198.5, 2775, 2802, 2084, and Other Provisions of the Labor Code all fail to state facts sufficient to constitute a cause of action.

2. Unclean Hands: To the extent the Complaint seeks equitable relief, plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to plaintiff herein.

3. In Pari Delicto: Defendant is informed and believes, and thereon alleges, that the Complaint herein, and each and every purported cause of action in the Complaint, is barred because plaintiff has engaged in acts and courses of conduct which rendered it *in pari delicto.* (Equal Fault)

4. Statute of Limitations: Defendant is informed and believes, and thereon alleges, that if there presently exists or ever existed, any or all of the alleged rights, claims, or obligations which Plaintiff and putative class members seek by way of their Complaint, each and every cause of action in the Complaint is barred by the applicable statute of limitations including, but not limited to: California Code of Civil Procedure, Sections 335, 337, 337a, 337.1, 337.15, 338, 339, 340, 340.6, 343 and 1288; California Government Code, Sections 12960 and 12965; 42 U.S.C. §1981, 29 U.S.C. §206(d)(3) and 29 U.S.C. §255(a) and any other applicable Federal Laws.

5. Plaintiffs Not Entitled To Relief: Defendant denies that Plaintiff is entitled to any relief for which it prays.

6. Consent: The Plaintiff consented to the alleged actions, if any, which occurred and is thereby barred from recovery.

7. Failure to Exhaust Administrative Remedies: Plaintiff's claims are barred in that Plaintiff failed to exhaust its administrative remedies against Defendant.

8. Res Judicata and Collateral Estoppel: Plaintiff and putative class members' claims are barred by res judicata and collateral estoppel.


Emilio Law Group, APC, 12832 Valley View Street, Suite 106, Garden Grove, California 92845, Phone (714) 379-6239, Fax (714) 379-5444

9. Release: Defendant is informed and believes, and thereon alleges, that plaintiff's actions constituted a full release and waiver by plaintiff and putative class members of any and all claims which plaintiff may have against Defendant.

10. Laches: Plaintiff's claims are barred by the equitable doctrine of laches.

11. No Opportunity to Cure. Defendant is informed and believes, and thereon alleges, that if there presently exists or ever existed, any or all of the alleged rights, claims, or obligations which Plaintiff seeks by way of its Complaint, said claims or obligations are unenforceable because Plaintiff failed to allow Defendant the opportunity to cure.

12. At-Will Employment: Defendant is informed and believes, and thereon alleges, that at all times mentioned in the Complaint, Plaintiff's and putative class members' employment relationships were at-will under California Labor Code Section 2922, and Plaintiff or putative class members could be terminated or demoted at any time for any reason.

13. Class Action: Plaintiff and putative class members have failed to allege the necessary prerequisite conditions for a class action, claims are not representative of class, class representative is adverse to class, claims are not typical of class, no common questions of law or fact, and class action is not practical or manageable in this matter.

14. Inadequate Class Representative. The class action allegations fail because the named Plaintiff does not constitute proper representatives of the putative class, and is not qualified to protect and represent fairly and adequately the interests of every member of the putative class, and does not have claims typical of other putative class members.

15. Acceptance of Compromise: Plaintiffs and putative class members have previously agreed to a settlement in full compromise of these claims and this action is therefore barred.

16. Barred by Due Process Protections. Plaintiff's claims are barred, in whole or in part, because California Business and Professions Code § 17200, *et seq.*, and other statutes and regulations referenced in the First Amended Complaint are insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process clauses of the Fifth and Fourteenth amendments to the United States Constitution and Article 1, Section 7 of the California Constitution.

17. Fraud. Plaintiff's claims are barred, in whole or in part, by Plaintiff's fraudulent conduct.



Emilio Law Group, APC, 12832 Valley View Street, Suite 106, Garden Grove, California 92845, Phone (714) 379-6239, Fax (714) 379-5444

18. Conduct Not Unlawful, Unfair, or Fraudulent. Plaintiff's First Amended Complaint fails to state a claim under California Business and Professions Code § 17200, *et seq.*, because Defendant's conduct was not unlawful, unfair, or fraudulent.

19. Speculative Damages. Plaintiff's Complaint, and corresponding claim for relief alleged against Defendant, is barred in whole or in part, because the damages alleged by Plaintiff are too speculative to give any rise to any cause or action against Defendant.

20. Standing. Plaintiff's Complaint, and each and every cause of action contained therein, is barred because Plaintiff lacks standing to assert some or all of the claims set forth in Plaintiff's Complaint.

21. Conduct Not Knowing or Intentional. Plaintiff's claims for penalties for purportedly providing employees with inaccurate statements of wages earned and deductions taken are barred insofar as Defendant's conduct, as alleged in the Complaint, was neither knowing nor intentional.

22. De Minimus. Defendant alleges that the Complaint is barred because Plaintiff has alleged work that was purportedly unpaid, which Defendant denies occurred, but if such uncompensated work did occur, it was de minimus in nature.

23. Rest Period Law. Pursuant to the applicable Wage Order, Defendant "authorized and permitted" Plaintiff to take rest periods.

24. Meal Period Law. Pursuant to the applicable Wage Order, Defendant "provided" Plaintiff with the ability to take meal periods.

25. Labor Code § 226. Plaintiff's claims for civil penalties pursuant to Labor Code § 226 are barred because Defendant did not knowingly and intentionally fail to provide accurate itemized wage statements.

26. Penalties. Plaintiff's Complaint fails to allege facts sufficient to establish a claim for penalties.

27. No Injury Apart From Themselves. Plaintiff's cause of action for unfair business practices fails as Plaintiffs and/or the alleged putative class and/or the alleged putative group of other aggrieved current and former employees cannot articulate an injury separate and apart from an injury to themselves.

28. Violation of Defendant's Policies. On information and belief, Plaintiff and/or the alleged or possible putative PAGA group of other aggrieved current and former employees, or putative class intentionally violated Defendant's policies and procedures relating to timekeeping, rest and meal breaks,


Emilio Law Group, APC, 12832 Valley View Street, Suite 106, Garden Grove, California 92845, Phone (714) 379-6239, Fax (714) 379-5444

appropriately recording working time, and interactions with others in the workplace. Accordingly, Plaintiff's complaint and every cause of action against Defendant asserted therein are barred because Plaintiff and/or the alleged possible putative PAGA group of other aggrieved current and former employees' intentional violation of the policies and procedures, rather than Defendant's conduct, is the cause of Plaintiff's or the alleged putative classes alleged damages, if any.

29. Statute of Limitations on PAGA Penalties. Any recovery on Plaintiffs' cause of action for civil penalties under Labor Code §2699 et seq (PAGA) is barred insofar as Plaintiffs seek redress of Labor Code violations.

30. No Aggrieved Party. Any recovery on Plaintiffs' cause of action for civil penalties under PAGA is barred in that Plaintiffs are not "aggrieved parties."

31. Excessive Fines. Plaintiffs' claims under the Labor Code are barred pursuant to the Eight Amendment to the U.S. Constitution and Article I, § 17 of the California Constitution to the extent the penalties under California Labor Code § 2698, et seq. impose excessive fines, double penalties, and violate the due process rights of Defendants.

32. Reservation of Additional Affirmative Defenses. Defendant presently has insufficient knowledge and information upon which to form a belief as to whether it may have additional, as of yet unstated, affirmative defenses. Therefore, Defendant expressly reserves the right to assert additional affirmative defenses in the event that discovery indicates such would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That plaintiffs and putative class members take nothing by reason of their First Amended Complaint;

2. That judgment be entered in favor of Defendant;

3. That Defendant recovers costs and expenses of suit, including reasonable attorneys' fees, incurred herein; and

4. For such other and further relief as the court deems just and proper.

Dated: 1/5/26

Rachel Thomas
Attorney for Defendant



Emilio Law Group, APC, 12832 Valley View Street, Suite 106, Garden Grove, California 92845, Phone (714) 379-6239, Fax (714) 379-5444

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**RE:** **Escarcega v. HVFP Express, Inc.; Ontrac Logistics, Inc.**
Case No. 25-CV-10827-RS

I, the undersigned, say: I am and was at all times herein mentioned, a citizen of the United States and employed in the County of Orange, over the age of eighteen years and not a party to the within action or proceeding; that my business address is EMILIO LAW GROUP, APC, 12832 Valley View Street, Suite 107, Garden Grove, CA 92845; and that on this date, I served the above document described as

**ANSWER TO FIRST AMENDED COMPLAINT**

on all other parties to this action by placing a true copy of the above document enclosed in a sealed envelope addressed as follows:

Clerk of the Court
United States District Court – Northern District
450 Golden Gate Ave.
San Francisco, CA 94102

Melmed Law Group P.C.
Jonathan Melmed
Laura Supanich
Trishta Dordi
1801 Century Park East, Ste. 850
Los Angeles, CA 90067
jm@melmedlaw.com
lms@melmedlaw.com
td@melmedlaw.com

( ) BY MAIL – I placed each such sealed envelope, postage thereon fully prepaid for first-class mail, for collection and mailing, in a mail box regularly maintained by the Government of the United States, at Garden Grove, California.

( x ) BY ELECTRONIC SERVICE – I caused each such document to be transmitted electronically through One Legal, LLC to the recipients listed above.

( ) BY PERSONAL SERVICE – I caused each such envelope to be delivered by hand to the addressee(s) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this date at Garden Grove, California.

DATED: 1/9/25

Madi Campbell